

**Kutak Rock LLP**
5 Park Plaza, Suite 1500, Irvine, CA 92614-8595
office 949.417.0999

**J. David Bournazian**
949.417.0999
david.bournazian@kutakrock.com

January 10, 2020

FILED VIA ECF

The Honorable Ann M. Donnelly
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11242

    Re:    *Triplenet Pricing, Inc. v. Urban Armor Gear, LLC*
             Case 2:19-cv-03716-AMD-SJB
             Pre-Motion Conference for Motion to Dismiss

Dear Judge Donnelly:

Defendant Urban Armor Gear, LLC ("UAG") hereby respectfully submits this reply to Plaintiff Triplenet Pricing, Inc's ("Triplenet") improper response[1] to UAG's request for a Pre-Motion Conference for its intended Motion to Dismiss Plaintiff's Complaint and this entire action.

## I. The Action Should be Dismissed Due to a Lack of Personal Jurisdiction

It is undisputed that no general jurisdiction exists as UAG is a *California* limited liability company and its principal place of business is in Orange County, California. UAG does not have any relationship with Plaintiff whatsoever. Indeed, Triplenet's own allegations state that it does not have any distribution agreements with UAG, nor with the dismissed defendant, Mobileistic, LLC. (Complaint ¶ 21.) Further, Triplenet admits it is not an authorized distributor of UAG. (Id.)

Moreover, Plaintiff does not identify any authorized distributor from whom it allegedly obtains UAG products. Most importantly, Plaintiff does not even argue (let alone allege) that any distributor is in New York.

Instead, Plaintiff claims it sells the suspect products in New York. However, sales in New York is insufficient to invoke specific jurisdiction under C.P.L.R §302. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 763-66 (2d Cir. 1983). Further, any sales of UAG products through other retailers in New York, such as Best Buy, Staples, and Walmart, have no bearing in this action.

Further, even if the unidentified distributor was in New York (which has not been alleged and the Court should require such be identified immediately), the Supreme Court has held that

---

[1] Judge Donnelly's Individual Practices and Rules, Section 4(A) provides that a response to a pre-motion conference letter shall not exceed 3 pages. Plaintiff's oversized letter is 4 pages.

such a relationship with a third-party is insufficient to form a basis for specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court, San Francisco County*, 137 S.Ct. 1773, 1783 (2017). "The bare fact that [the defendant] contracted with [an in-state] distributor is not enough to establish personal jurisdiction in the State." *Id*. at 1783.

More importantly, this suit does not arise out of UAG's purported contacts with the forum. *Bristol-Myers*, *supra*, 137 S.Ct. at 1780. The Complaint centers on a purported communication by UAG (a State of California entity) with Amazon (a State of Washington entity). The conduct of which Plaintiff complains does not relate to or arise out of a distribution agreement UAG had with the unspecified distributor, or with any sale pursuant to a distribution agreement in New York. The complaint arises solely from UAG's contact with Amazon in the States of California and Washington. Plaintiff's argument is thus insufficient to satisfy the two prongs of CPLR §302(a)(1), which provides that an out-of-state defendant is subject to specific jurisdiction only if it "transacts any business within the state or contracts anywhere to supply goods or services in the state;" **and** the plaintiff's cause of action "arise[s] from these activities."

When faced with analogous facts, Courts have repeatedly held that specific jurisdiction does not exist because a non-infringement declaratory judgment action does not arise from sales, but instead arises from cease and desist letters sent by the defendant and the letters even do not constitute the transaction of business under Section 302(a)(1). *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 763-66 (2d Cir. 1983); *IP Co. LLC v. General Commun., Inc.,* No. 07-cv-2372, 2007 U.S. Dist. LEXIS 81451, at *11-15, 2007 WL3254387 (S.D.N.Y. Oct. 31, 2007); *Holey Soles Holdings, Ltd. v. Foam Creations, Inc*., No. 05-cv-6893, 2006 U.S. Dist. LEXIS 25880, at *22- 26, WL 1147963 (S.D.N.Y. 2006). Here, no matter, **UAG did not ever send a cease and desist letter Plaintiff nor a letter to New York about Plaintiff**. Again, the purported communication that gives rise to Plaintiff's Complaint was with Amazon in the State of Washington. Thus, pursuant to *Bristol-Myers*, *supra*, *Beacon Enterprises*, *supra*, and *IP Co.* LLC, *supra*, UAG is not subject to specific jurisdiction in New York.

Further, for the same reasons, venue is also improper in this Court because none of the "events or omissions giving rise" to Triplenet's claims occurred in the Eastern District of New York. See, 28 U.S.C. §1391(b)(2).

Ultimately, a motion to dismiss should proceed and be granted without leave to amend.

## II.     The Complaint Should Also be Dismissed for Lack of Subject Matter Jurisdiction

Here, Plaintiff does not dispute that the Complaint fails to articulate a dispute that is "definite and concrete" necessary for a non-infringement declaratory judgment action. *Rolex Watch U.S.A., Inc. v. PRL USA Holdings, Inc.*, 2015 WL 1909837, *3 (S.D.N.Y. Apr. 27, 2015); see also, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Instead, the Complaint merely alleges generalities concerning UAG's "registered trademarks" and Plaintiff's "products of various manufacturers," but fails to identify any specific product. Without identifying the accused products or marks, there is no concrete case or controversy or sufficient specificity to satisfy *Tombly* and *Iqbal,* which require the plaintiff to plead sufficient information to permit the

defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *cf. MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007).

In this matter, Plaintiff is seeking declaratory judgment of non-infringement but does not provide sufficient information for the basis of such relief, as no product or trademark is identified in the Complaint. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Cf. MedImmune, Inc., supra* (internal quotations and citations omitted). Here, there is no case or controversy at issue. Plaintiff is merely alleging UAG complained to Amazon. Thus, the Court should dismiss the declaratory relief claim and all supplemental state law claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 -515 (2006).

**III.     The Complaint Should Also be Dismissed for Lack of Subject Matter Jurisdiction**

Ultimately, the Court should determine that dismissal of Triplenet's entire action is proper. As always, we appreciate your insight and consideration.

Very truly yours,
KUTAK ROCK LLP

J. David Bournazian